## RHODES *et al. v.* NEWHALL.

### *(Supreme Court, General Term, Fifth Department.* January 23, 1891.)

SHIPPING—AFFREIGHTMENT—DEFICIENCY.

    A provision in a shipping contract that "all deficiency in cargo to be paid by the carrier, and deducted from the freight," is conclusive against the carrier in an action against the consignee for the freight, where the carrier was represented at the lading by its own weighmaster, and the amount of goods laden was agreed to; and it is immaterial that the goods delivered to the consignee were worth more than the amount advanced by him thereon.

Robert R. Rhodes & Co. sued Daniel E. Newhall to recover freight money. Judgment in Erie county on report of referee for defendant, and plaintiffs appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Williams & Potter,* for appellants.    *George J. Sicard,* for respondent.

MACOMBER, J. This action was brought to recover freight money for the transportation of wheat from Duluth to Buffalo. The defense was that the whole cargo was not delivered to the consignee, and the amount of the deficiency arising from the failure of the plaintiff to deliver the whole was, by the decision of the referee, recouped against the plaintiff's demand. On the 14th day of September, 1889, the plaintiffs, by their agents, agreed with the firm known as "W. S. Moore & Co." to receive on board their propeller Robert R. Rhodes a quantity of wheat, then in an elevator at Duluth, for shipment to Buffalo, and to deliver the same to the defendant at Buffalo in as good order as when taken on board the propeller, and were to receive 3¾ cents per bushel for such transportation, for which charges the cargo was made subject. Thereupon four bills of lading were delivered by the plaintiffs' agents to W. S. Moore & Co., embodying the agreement, wherein the quantity of wheat was mentioned in the aggregate to be 47,000 bushels of No. 1 hard spring wheat, and 7,000 bushels of No. 1 northern wheat. The bills of lading contained the following clause: "All the deficiency in cargo to be paid by the carrier, and deducted from the freight, and any excess in the cargo to be paid for to the carrier by the consignee." The wheat was loaded from an elevator in Duluth by a spout, and was weighed into the vessel by the elevator's weighmaster, the process being supervised by a board of trade weighman employed by the plaintiffs, with the result above given. The propeller was fully laden with this quantity of merchandise. Before sailing, her hatches were battened down, and, without touching at any intermediate port, on the 19th day of September, 1889, she arrived at Buffalo with her hatches undisturbed. Thereupon her cargo was weighed out into elevators, and the same delivered to the defendant; but, by such weighing out, only 46,466 bushels of No. 1 hard spring wheat, and only 6,707 bushels of No. 1 northern, were found, being 53,173 bushels in all; showing a shortage in the weight at Duluth of 534 bushels of the spring wheat, and 293 bushels of the northern wheat, of the value of $712.47. This sum has been deducted by the referee from the freight charges computed on the whole number of bushels actually shipped at Duluth, and it is solely of this deduction that the appel-

lants complain. Attached to the bills of lading were drafts drawn by W. S. Moore & Co. on the consignee for the full amount of the cargo as shipped, together with policies of insurance. The drafts were paid by the latter before the arrival of the vessel at Buffalo, and before any knowledge or notice of the shortage had come to him.

That part of the contract by which it was agreed that "all deficiency in cargo to be paid by the carrier, and deducted from the freight," must be deemed conclusive against the contention of the appellant. It was doubtless designed to settle by contract what might be a vexatious dispute, and to work an absolute estoppel against the ship-owners. *Lishman* v. *Christie*, 19 Q. B. Div. 333. The manner in which the case comes up materially simplifies the question. The action is solely one for the recovery of freight charges according to the written agreement. As a part of that agreement, any shortage in the cargo was to be deducted from such charges. Under this contract, it matters not that the quantity of wheat actually delivered to the defendant was worth more than the sum which he had advanced thereon as consignee or purchaser. To any person of whom such freight charges could be demanded, this partial defense was available, by the terms of the contract. The finding of the learned referee (the fifth) that 54,000 bushels of wheat were received on board the propeller at Duluth is a just inference from the evidence. The plaintiffs were represented at the loading of the vessel by a weighmaster of their own selection and employment. The number of bushels of grain was agreed to. No fraud or mistake is shown at Duluth, and no error at Buffalo. The plaintiffs must, then, be conclusively bound by their agreement to deduct from their claim of freight the amount of wheat which, in some unexplained, and, to the defendant, inexplicable, manner, disappeared during the five-days cruise between these ports. The judgment should be affirmed. All concur.